UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN RE: SUBPOENA TO YAHOO! INC.

Filed Under Seal

Case No. _____

MC 15- 784

## APPLICATION FOR ORDER COMMANDING YAHOO! INC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF SUBPOENA

The United States requests that the Court order YAHOO! INC. (YAHOO) not to notify any person (including the subscribers or customers of the account listed in the subpoena) of the existence of the attached subpoena until further order of the Court.

YAHOO is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached subpoena, which requires YAHOO to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached subpoena relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached subpoena will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal and business computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing YAHOO not to disclose the existence or content of the attached subpoena, except that YAHOO may disclose the attached subpoena to an attorney for YAHOO for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Dated: May 4, 2015
       Central Islip, New York

Allen L. Bode
Assistant U.S. Attorney
(631) 715-7828